Filing # 137332538 E-Filed 10/26/2021 08:49:41 PM

# THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA

Case No.:

DIV:

PATRICE A FRASER,

                Plaintiff,

v.

LABORATORY CORPORATION
OF AMERICA,

                Defendant.

_____/

## SUMMONS 20 DAY CORPORATE SERVICE

THE STATE OF FLORIDA

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant <u>Laboratory Corporation of America Registered Agent Name & Address: Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525.</u>

Each defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney whose name and address is <u>The Torchlight Law Firm LLC, Christopher W. Cook, Esq., 515 North Flagler Drive, West Palm Beach, Florida 33401</u>

within 20 days **"Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies or one of its official or employees sued in his or her capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to, 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

WITNESS my hand and the seal of said Court on <u>Oct 28 2021</u> , ____.

Clerk of Circuit Court

By _La Gee Williams_

LaGee Williams

FILED: PALM BEACH COUNTY, FL, JOSEPH ABRUZZO, CLERK, 10/26/2021 08:49:41 PM

This notice is provided pursuant to Administrative Order No. 2.207-9/12

"If you are a <u>person with a disability</u> who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Tammy Anton, Americans with Disabilities Act Coordinator, Palm Beach County Courthouse, 205 North Dixie Highway West Palm Beach, Florida 33401; telephone number (561) 355-4380 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."

"Si usted es una <u>persona minusválida</u> que necesita algún acomodamiento para poder participar en este procedimiento, usted tiene derecho, sin tener gastos propios, a que se le provea cierta ayuda.    Tenga la amabilidad de ponerse en contacto con Tammy Anton, 205 N. Dixie Highway, West Palm Beach, Florida 33401; teléfono número (561) 355-4380, por lo menos 7 días antes de la cita fijada para su comparecencia en los tribunales, o inmediatamente después de recibir esta notificación si el tiempo antes de la comparecencia que se ha programado es menos de 7 días; si usted tiene discapacitación del oído o de la voz, llame al 711."

"Si ou se yon <u>moun ki enfim</u> ki bezwen akomodasyon pou w ka patisipe nan pwosedi sa, ou kalifye san ou pa gen okenn lajan pou w peye, gen pwovizyon pou jwen kèk èd. Tanpri kontakte Tammy Anton, kòòdonatè pwogram Lwa pou ameriken ki Enfim yo nan Tribinal Konte Palm Beach la ki nan 205 North Dixie Highway, West Palm Beach, Florida 33401; telefòn li se (561) 355-4380 nan 7 jou anvan dat ou gen randevou pou parèt nan tribinal la, oubyen imedyatman apre ou fin resevwa konvokasyon an si lè ou gen pou w parèt nan tribinal la mwens ke 7 jou; si ou gen pwoblèm pou w tande oubyen pale, rele 711."

Filing # 137332538 E-Filed 10/26/2021 08:49:41 PM

# THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT, IN AND FOR PALM BEACH COUNTY, FLORIDA

Case No.:

DIV:

PATRICE A FRASER,

            Plaintiff,

v.

LABORATORY CORPORATION
OF AMERICA,

            Defendant.

_____/

## COMPLAINT FOR DISCRIMINATION, UNDER FLORIDA CIVIL RIGHTS ACT, DISCRIMINATION UNDER TITLE VII ACTION, RETALIATION UNDER FLORIDA CIVIL RIGHTS ACT, DISCRIMINATION 42 USC § 1981, AND RETALIATION UNDER TITLE VII

COMES NOW, Plaintiff, Patrice Fraser and sues Defendant LABORATORY CORPORATION OF AMERICA., and alleges as follows:

### INTRODUCTION

1. Plaintiff, Patrice Fraser, seeks compensatory damages based upon Defendants deprivation of rights afforded to the named Plaintiff under the laws of the United States and the State of Florida resulting from acts and/or omissions of the named Defendant that constitutes the following causes of action: (a) discrimination, under (b) Florida Civil Rights Act of 1992 Chapter 760 Fla. Stat., (c) Title VII Action of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and (d) 42 USC § 1981.

2. Plaintiff filed her Discrimination Complaints with the U.S. Equal Employment Opportunity Commission on January 26, 2021 and a Right to Sue Letter has been issued with deadline dates of October 26, 2021. (See Exhibit attached hereto and marked A).

FILED: PALM BEACH COUNTY, FL, JOSEPH ABRUZZO, CLERK, 10/26/2021 08:49:41 PM

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this dispute because this complaint seeks damages in excess of $30,000.00, exclusive of interest and attorneys' fees.

4. Venue is proper in Palm Beach County, Florida because LABORATORY CORPORATION OF AMERICA operates in Palm Beach County, Florida and is the county where the cause of action accrued here.

## PARTIES

5. Plaintiff, Patrice A Fraser (hereinafter "Patrice" "Ms. Fraser" or "Plaintiff"), is a resident of Palm Beach, County, Florida, is over the age of eighteen, and is otherwise sui juris.

6. Defendant, LABORATORY CORPORATION OF AMERICA, (hereinafter "LABCORP" or "Defendant"), is a Foreign Profit Corporation which maintains offices in Palm Beach County, Florida.

7. LABCORP Employs at least 15 employees who have worked for at least 20 calendar weeks in this year or the prior year.

## SUBSTANTIVE ALLEGATIONS

8. Plaintiff, Patrice Fraser, is a black female of African descent, all of which are protected classes.

9. Patrice began working for LABCORP in 2012.

10. She was employed as a Patient Service Tech.

11. The position consisted of drawing blood, data entry, employment drug screening, specimen processing, paternity testing, clerical duties, and customer service.

12. In late June/early July 2020, Patrice applied a supervisory position as a Site Coordinator.

13. Patrice was qualified for the position she sought.

14. The qualifications for the job were site coordination of the patient service center, perform blood draws and specimen processing, manage and monitor patient flow, wait times, performance and compliance issues observed, report to supervisor, address any customer service issues, work with PST staff, performing teamwork, and help with patient services.

15. The required duties of the position were to perform same tasks as the patient service tech, order supplies, check inventory, and submit a monthly report to the supervisor.

16. Patrice received praise from co-workers and patients.

17. Patrice believed she would be selected for the permanent Site Coordinator position.

18. Patrice received additional training which included nurse extender training, training specialist for AMR, quality improvement, emergency medical technician, and team leader training.

19. Patrice was not aware of the training or qualifications possessed by other applicants for the position.

20. Patrice participated in an oral interview in late June/early July 2020.

21. Hours after Patrice's interview was over, she was notified by email that she had not been selected for the position.

22. Patrice called Janet Romero who confirmed that Patrice did not get the Site Coordinator position.

23. Patrice was advised Janet Romero via email that her background was not a match.

24. Patrice had previously been employed by LABCORP in 2003 as a Team Leader.

25. The position of Team Leader held by Patrice in 2003 was essentially the same as the Site Coordinator position she applied for in 2020.

26. Patrice had been the de facto Site Coordinator for several months immediately preceding her application for the permanent position after the previous Site Coordinator, Yolanda Walton, left.

27. She was responsible for patient service center, perform blood draws and specimen processing, manage and monitor patient flow, wait times, performance and compliance issues observed, report to supervisor, address any customer service issues, work with PST staff, performing teamwork, and help with patient services immediately upon the departure of Yolanda Walton and continued to serve in that position until she was replaced by the permanent Site Coordinator.

28. Katherine Cuento was selected as the permanent Site Coordinator.

29. The Site Coordinator position pays more than Patrice's position as a PST.

30. Yolanda Walton had filed a discrimination with LABCORP sometime between January 2019 and May 2019.

31. Patrice was interviewed as part of that investigation and provided information which supported Yolanda Walton's claim.

32. Patrice told the investigator, Gutierrez, that LABCORP Supervisor Janet Romero discriminated against employees who were not Hispanic.

33. Patrice suffered adverse conditions of employment of the following:

    a.  Being denied a promotion.

    b.  Being denied pre-planned leave (see Exhibit B).

        i.  Plaintiff was in a position of having to use or lose her leave.

        ii.  Olga Fundora, Hispanic, was permitted to take pre-planned leave more frequently than Patrice.

       iii.  Leopoldina Gonzalez, Hispanic, was permitted to take leave more frequently than Patrice.

       iv.  Maria Torres, Hispanic, was permitted to take leave more frequently than Patrice.

    c.  Promoting Hispanics disproportionately over qualified blacks of African descent.

34. Patrice was given an Individual Development Plan (IDP) on 8/7/2020 after she was unlawfully rejected for promotion for LABCORP to justify their unlawful act (see Exhibit C).

35. LABCORP has a EEO policy dated November 1, 2020 which was not in effect during the period when Patrice was discriminated against.

36. Patrice applied for the following positions between May 2019 and June 2020 (see composite exhibit D):

    a.  PSC Site Coordinator – Jupiter, FL

    b.  PSC Site Coordinator – Palm Beach Gardens, FL

    c.  Senior Marketing Executive – Business Development/Sales

    d.  Outbound CSSR, Hollywood, FL

    e.  Phlebotomy Training Coordinator – Hollywood, FL

37. Patrice was rejected for every position she applied for because of her race, national origin, and/or in retaliation.

**COUNT I – DISCRIMINATION RACE - TITLE VII, AS AMENDED § 42 USC**

**§ 2000e et seq.**

38. Plaintiff realleges the allegations set forth above in paragraphs 1 through 37 as if set forth herein in full.

39. Plaintiff is a member of a protected class in that her race is black.

40. Plaintiff was qualified and applied for the promotion.

41. LABCORP rejected Patrice's application despite her qualifications based upon her race in violation of Title VII as amended by 42 USC.

42. LABCORP promoted Katherine Cuento, who was equally or less qualified and was not black in violation of Title VII as amended by 42 USC[1].

43. LABCORP acted intentionally, purposefully, maliciously and/or with reckless indifference

---

[1] To establish a prima facie case of Title VII sex discrimination in a promotional decision, a plaintiff must prove: (1) that she is a member of a protected minority; (2) that she was qualified and applied for the promotion; (3) that she was rejected despite these qualifications; and (4) other equally or less qualified employees who are not members of the protected minority were promoted. *See Taylor v. Runyon*, 175 F.3d 861, 866 (11th Cir. 1999). Once the plaintiff has established a prima facie case of discrimination, the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for the employee's rejection. *See id.* If the employer meets this burden of production, the plaintiff must then establish that [**8] the defendant's proffered reasons for the employee's rejection were pretextual. *See id.* at 867.

*HN3* In a failure to promote case, a plaintiff cannot prove pretext by simply showing that she was better qualified than the individual who received the position that she wanted. A plaintiff must show not merely that the defendant's employment decisions were mistaken but that they were in fact motivated by sex. *See Alexander v. Fulton County*, 207 F.3d 1303, 1339 (11th Cir. 2000). We have explained that "a plaintiff may not establish that an employer's proffered reason is pretextual merely by questioning the wisdom of the employer's reasons, at least not where . . . the reason is one that might motivate a reasonable employer." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1543 (11th Cir. 1997), *cert. denied, sub nom., Combs v. Meadowcraft Co.*, 522 U.S. 1045, 118 S. Ct. 685, 139 L. Ed. 2d 632 (1998); *see also Damon v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354, 1361 (11th Cir. 1999), *cert. denied*, U.S. , 120 S. Ct. 1962, 146 L. Ed. 2d 793 (2000) (emphasizing that [**9] courts "are not in the business of adjudging whether employment decisions are prudent or fair. Instead our sole concern is whether unlawful discriminatory animus motivates a challenged employment decision."); *Deines v. Texas Dept. of Protective and Regulatory Servs.*, 164 F.3d 277, 281 (5th Cir. 1999) (explaining that "it is not the function of the jury to scrutinize the employer's judgment as to who is best qualified to fill the position . . . . The single issue for the trier of fact is whether the employer's selection of a particular applicant over the plaintiff was motivated by discrimination .")

*HN4* Nevertheless, evidence showing an employer hired a less qualified applicant over the plaintiff may be probative of whether the employer's proffered reason for not promoting the plaintiff was pretextual. *See Alexander*, 207 F.3d at 1340; *see also Walker v. Mortham*, 158 F.3d 1177, 1190 (11th Cir. 1998), *cert. denied*, 528 U.S. 809, 120 S. Ct. 39, 145 L. Ed. 2d 36 (1999)("'The fact that a court may think that the employer misjudged the qualifications of the applicants does not in itself expose him to Title VII liability, although [**10] this may be probative of whether the employer's reasons are pretexts for discrimination'") (quoting *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 258-59, 101 S. Ct. 1089, 1096-97, 67 L. Ed. 2d 207 (1981)); *see also Taylor*, 175 F.3d at 868 [*1254] (stating that evidence of plaintiff's superior experience "would permit a jury to disbelieve" that the employer actually relied on the chosen candidate's experience when it promoted him).

*HN5* Other circuits have more clearly articulated the evidentiary burden a plaintiff must meet in order to prove pretext by showing she was substantially more qualified than the person promoted. *See Fulton County*, 207 F.3d at 1340. In *Deines*, for example, the Fifth Circuit affirmed the district court's instruction to the jury stating that "disparities in qualifications are not enough in and of themselves to demonstrate discriminatory intent unless those disparities are so apparent as virtually to jump off the page and slap you in the face." 164 F.3d at 280. The court explained that the phrase

"jump off the page and slap [you] in the face" . . . should be understood to mean that [**11] disparities in qualifications must be of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question. This evidentiary standard does not alter the plaintiff's evidentiary burden to prove the fact of intentional discrimination by a preponderance of the evidence. Instead, the standard only describes the character of this particular type of evidence that will be probative of that ultimate fact.

*Id.* at 280-81.

to PLAINTIFF's federally protected rights by unfairly denying her promotion and adversely affecting her employment benefits based on her race in violation of Title VII as amended by 42 USC.

44. LABCORP's actions caused PLAINTIFF to suffer lost wages, lost benefits, emotional distress, humiliation, shame, loss of self-esteem and dignity, mortification, disgrace, embarrassment, loss of enjoyment of life, and mental anguish, and PLAINTIFF will continue to suffer said damages in the future.

WHEREFORE, PLAINTIFF requests that this Honorable Court enter judgment in her favor and against LABCORP:

A. Declaring LABCORP's actions to be an unlawful employment practice in violation of Title VII as amended by 42 USC;

B. Awarding PLAINTIFF her lost wages and benefits, including interest thereon;

C. Permanently enjoining LABCORP from future violations of Title VII as amended by 42 USC;

D. Awarding PLAINTIFF front pay for her future lost wages and benefits in lieu of promotion;

E. Awarding PLAINTIFF compensatory damages;

F. Awarding PLAINTIFF the reasonable attorneys' fees, costs and expenses incurred in this matter pursuant to 42 U.S.C. § 1988; and

G. Awarding such other relief as the Court deems just and appropriate.

### COUNT II – DISCRIMINATION RACE – 42 USC SECTION 1981

45. Plaintiff realleges the allegations set forth above in paragraphs 1 through 37 as if set forth herein in full.

46. PLAINTIFF is a member of a protected class in that her race is black.

47. LABCORP subjected PLAINTIFF to disparate treatment based upon her race in violation of 42 USC Section 1981.

48. PLAINTIFF's race was a motivating factor for the foregoing adverse actions, including the unwarranted denial of promotion, and denial of preplanned leave which negatively affected the terms, conditions and privileges of PLAINTIFF's employment, in violation of 42 USC Section 1981.

49. LABCORP acted intentionally, purposefully, maliciously and/or with reckless indifference to PLAINTIFF's federally protected rights by unfairly denying her promotion, denying her pre-planned leave and adversely affecting her employment benefits based on her race in violation of 42 USC Section 1981.

50. LABCORP's actions caused PLAINTIFF to suffer lost wages, lost benefits, emotional distress, humiliation, shame, loss of self-esteem and dignity, mortification, disgrace, embarrassment, loss of enjoyment of life, and mental anguish, and PLAINTIFF will continue to suffer said damages in the future.

WHEREFORE, PLAINTIFF requests that this Honorable Court enter judgment in her favor and against LABCORP:

A. Declaring LABCORP's actions to be an unlawful employment practice in violation of 42 USC Section 1981;

B. Awarding PLAINTIFF her lost wages and benefits, including interest thereon;

C. Permanently enjoining LABCORP from future violations of 42 USC Section 1981;

D. Awarding PLAINTIFF front pay for her future lost wages and benefits in lieu of promotion;

E. Awarding PLAINTIFF compensatory damages;

F. Awarding PLAINTIFF the reasonable attorneys' fees, costs and expenses incurred in this matter pursuant to 42 U.S.C. § 1988 (Proceedings in vindication of civil rights); and

G. Awarding such other relief as the Court deems just and appropriate.

## COUNT III – DISCRIMINATION NATIONAL ORIGIN - TITLE VII, AS AMENDED §

### 42 USC § 2000e et seq.

51. Plaintiff realleges the allegations set forth above in paragraphs 1 through 37 as if set forth herein in full.

52. Plaintiff is a member of a protected class in that her National Origin is Jamaican.

53. Plaintiff was qualified and applied for the promotion.

54. LABCORP rejected Patrice's application despite her qualifications based upon her race in violation of Title VII as amended by 42 USC.

55. LABCORP promoted Katherine Cuento, who was equally or less qualified and was not black in violation of Title VII as amended by 42 USC.

56. LABCORP's actions caused PLAINTIFF to suffer lost wages, lost benefits, emotional distress, humiliation, shame, loss of self-esteem and dignity, mortification, disgrace, embarrassment, loss of enjoyment of life, and mental anguish, and PLAINTIFF will continue to suffer said damages in the future.

WHEREFORE, PLAINTIFF requests that this Honorable Court enter judgment in her favor and against LABCORP:

A. Declaring LABCORP's actions to be an unlawful employment practice in violation of Title VII as amended by 42 USC;

B. Awarding PLAINTIFF his lost wages and benefits, including interest thereon;

C. Permanently enjoining LABCORP from future violations of Title VII as amended by 42 USC;

D. Awarding PLAINTIFF front pay for his future lost wages and benefits in lieu of reinstatement;

E. Awarding PLAINTIFF compensatory damages;

F. Awarding PLAINTIFF the reasonable attorneys' fees, costs and expenses incurred in this matter pursuant to 42 U.S.C. § 1988; and

G. Awarding such other relief as the Court deems just and appropriate.

### **COUNT IV – DISCRIMINATION RACE - FLORIDA CIVIL RIGHTS ACT**

57. Plaintiff realleges the allegations set forth above in paragraphs 1 through 37 as if set forth herein in full.

58. Plaintiff is a member of a protected class in that her race is black.

59. Plaintiff was qualified and applied for the promotion.

60. LABCORP rejected Patrice's application despite her qualifications based upon her race in violation of Florida Civil Rights Act.

61. LABCORP promoted Katherine Cuento, who was equally or less qualified and was not black in violation of Florida Civil Rights Act.

62. LABCORP's actions caused PLAINTIFF to suffer lost wages, lost benefits, emotional distress, humiliation, shame, loss of self-esteem and dignity, mortification, disgrace, embarrassment, loss of enjoyment of life, and mental anguish, and PLAINTIFF will continue to suffer said damages in the future.

WHEREFORE, PLAINTIFF requests that this Honorable Court enter judgment in his favor and against LABCORP:

A. Declaring LABCORP's actions to be an unlawful employment practice in violation of the Florida Civil Rights Act;

B. Awarding PLAINTIFF her lost wages and benefits, including interest thereon;

C. Permanently enjoining LABCORP from future violations of the Florida Civil Rights Act;

D. Awarding PLAINTIFF front pay for her future lost wages and benefits in lieu of promotion;

E. Awarding PLAINTIFF compensatory damages;

F. Awarding PLAINTIFF the reasonable attorneys' fees, costs and expenses incurred in this matter pursuant to Florida Civil Rights Act; and

G. Awarding such other relief as the Court deems just and appropriate.

## COUNT V – DISCRIMINATION NATIONAL ORIGIN - FLORIDA CIVIL RIGHTS ACT

63. Plaintiff realleges the allegations set forth above in paragraphs 1 through 37 as if set forth herein in full.

64. Plaintiff is a member of a protected class in that her National Origin is Jamaican.

65. Plaintiff was qualified and applied for the promotion.

66. LABCORP rejected Patrice's application despite her qualifications based upon her National Origin in violation of Florida Civil Right Act.

67. LABCORP promoted Katherine Cuento, who was equally or less qualified and was not black in violation of Florida Civil Rights Act.

68. LABCORP's actions caused PLAINTIFF to suffer lost wages, lost benefits, emotional distress, humiliation, shame, loss of self-esteem and dignity, mortification, disgrace, embarrassment, loss of enjoyment of life, and mental anguish, and PLAINTIFF will continue to suffer said damages in the future.

WHEREFORE, PLAINTIFF requests that this Honorable Court enter judgment in his favor and against LABCORP:

A. Declaring LABCORP's actions to be an unlawful employment practice in violation of the Florida Civil Rights Act;

B. Awarding PLAINTIFF her lost wages and benefits, including interest thereon;

C. Permanently enjoining LABCORP from future violations of the Florida Civil Rights Act;

D. Awarding PLAINTIFF front pay for her future lost wages and benefits in lieu of promotion;

E. Awarding PLAINTIFF compensatory damages;

F. Awarding PLAINTIFF the reasonable attorneys' fees, costs and expenses incurred in this matter pursuant to Florida Civil Rights Act; and

G. Awarding such other relief as the Court deems just and appropriate.

### COUNT VI - RETALIATION TITLE VII

69. Plaintiff realleges the allegations set forth above in paragraphs 1 through 37 as if set forth herein in full.

70. Plaintiff was engaged in protected activity which consisted of her participation in a discrimination investigation.

71. Plaintiff was thereafter subjected by her employer to an adverse employment action which consisted of the denial of her application for promotion to Site Coordinator.

72. There is a causal link between the activities in that the Plaintiff was already serving in the position with full expectation that she would be selected for the permanent position but was not selected after providing information in support of a former employee's charge of discrimination.

WHEREFORE, PLAINTIFF requests that this Honorable Court enter judgment in his favor and against LABCORP:

A. Declaring LABCORP's actions to be an unlawful employment practice in violation of Title VII as amended by 42 USC § 2000e-3(a).

B. Awarding PLAINTIFF her lost wages and benefits, including interest thereon;

C. Permanently enjoining LABCORP from future violations of Title VII as amended by 42 USC § 2000e-3(a).;

D. Awarding PLAINTIFF front pay for her future lost wages and benefits in lieu of promotion;

E. Awarding PLAINTIFF compensatory damages;

F. Awarding PLAINTIFF the reasonable attorneys' fees, costs and expenses incurred in this matter pursuant to 42 U.S.C. § 1988; and

G. Awarding such other relief as the Court deems just and appropriate.

## COUNT VII - RETALIATION FLORIDA CIVIL RIGHTS ACT

73. Plaintiff realleges the allegations set forth above in paragraphs 1 through 37 as if set forth herein in full.

74. Plaintiff was engaged in protected activity which consisted of her participation in a discrimination investigation.

75. Plaintiff was thereafter subjected by her employer to an adverse employment action which consisted of the denial of her application for promotion to Site Coordinator.

76. There is a causal link between the activities in that the Plaintiff was already serving in the position with full expectation that she would be selected for the permanent position but was not selected after providing information in support of a former employee's charge of discrimination[2].

---

[2] To make a prima facie case of [**5] retaliation, a plaintiff must prove the following three elements: "1) the plaintiff was engaged in protected activity; 2) the plaintiff was thereafter subjected by his employer to an adverse employment action; and 3) there is a causal link between the protected activity and the adverse employment action." *Koren v. Sch.*

WHEREFORE, PLAINTIFF requests that this Honorable Court enter judgment in his favor and against LABCORP:

A. Declaring LABCORP's actions to be an unlawful employment practice in violation of the Florida Civil Rights Act;

B. Awarding PLAINTIFF her lost wages and benefits, including interest thereon;

C. Permanently enjoining LABCORP from future violations of Florida Civil Rights Act;

D. Awarding PLAINTIFF front pay for her future lost wages and benefits in lieu of reinstatement;

E. Awarding PLAINTIFF compensatory damages;

F. Awarding PLAINTIFF the reasonable attorneys' fees, costs and expenses incurred in this matter pursuant to Florida Civil Rights Act; and

G. Awarding such other relief as the Court deems just and appropriate.

# INTENTIONALLY LEFT BLANK

---

*Bd. of Miami-Dade Cty.*, 97 So. 3d 215, 219 (Fla. 2012) (citation omitted). *Salus v. Island Hosp'y Fla. Mgmt.*, 289 So. 3d 926, 929 (Fla. 4th DCA 2020)

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.


Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

Signature of Patrice Fraser

A person who knowingly makes a false declaration under subsection (2) is guilty of the crime of perjury by false written declaration, a felony of the third degree, punishable as provided in s.775.082, s. 775.083, or s. 775.084.

COUNTY OF PALM BEACH


Sworn to (or affirmed) and subscribed before me this _26TH_ day of _OCTOBER_ 2021, by Patrice A. Rivera.

(Seal)

Signature of Notary Public
Print, Type/Stamp Name of Notary

CHRISTOPHER W. COOK

Personally known:_____
OR Produced Identification:_____
Type of Identification Produced: _DL# F626-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_

# EXHIBIT

# A

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| To: | Patrice A. Fraser<br>1900 Echo Lake Drive<br>West Palm Beach, FL 33407 | From: | Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |
|---|---|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | | |
|---|---|---|---|

| EEOC Charge No. | EEOC Representative | | Telephone No. |
|---|---|---|---|
| **510-2020-05541** | **Jose A. Delarosa,**<br>**Investigator** | | **(786) 648-5830** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| ☐ | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
| ☐ | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| ☐ | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| ☐ | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| ☒ | The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge. |
| ☐ | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| ☐ | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Twanya Westmoreland*

**Paul V. Valenti,**
**District Director**

July 28, 2021

(Date Issued)

Enclosures(s)

cc:   **Respondent Representatie**
**Jennifer H. Dupuy, Esquire**
**LABCORP**
**531 S SPRING ST**
**Burlington, NC 27215**

Enclosure with EEOC
Form 161 (11/2020)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS**      --      **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**the Genetic Information Nondiscrimination Act (GINA), or the Age**
**Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS     --     Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

## ATTORNEY REPRESENTATION     --     Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE     --     All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# EXHIBIT

# B



**Time Off Request from 01/01/2018 to 06/04/2021**

LabCorp

| Employee Name | Employee ID | Time Off Type | Time Off Date | Hours | Status | Request Submitted Date | Pending | Rejected | Rejected By | Approved | Approved By | Cancelled | Cancelled By | Expired |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Fraser, Patrice | 82044 | | | | | | | | | | | | | |
| | | PLB Hours All Shifts | Tuesday 01/09/2018 | 6.00 | Approved | 12/06/2017 | 12/06/2017 | | | 12/07/2017 | Linden, Pamela (145991) | | | |
| | | PLB Hours All Shifts | Monday 03/19/2018 | 6.00 | Rejected | 12/06/2017 | 12/06/2017 | 12/07/2017 | Linden, Pamela (145991) | | | | | |
| | | PLB Hours All Shifts | Monday 03/19/2018 | 6.00 | Approved | 12/06/2017 | 12/06/2017 | | | 12/07/2017 | Linden, Pamela (145991) | | | |
| | | PLB Hours All Shifts | Wednesday 03/21/2018 | 6.00 | Approved | 12/06/2017 | 12/06/2017 | | | 12/07/2017 | Linden, Pamela (145991) | | | |
| | | PLB Hours All Shifts | Friday 02/23/2018 | 6.00 | Approved | 17/06/2017 | 12/06/2017 | | | 12/07/2017 | Linden, Pamela (145991) | | | |
| | | PLB Hours All Shifts | Thursday 06/21/2018 | 2.00 | Approved | 06/08/2018 | 06/08/2018 | | | 06/28/2018 | Linden, Pamela (145991) | | | |
| | | PLB Hours All Shifts | Friday 07/06/2018 | 6.00 | Rejected | 02/21/2018 | 02/21/2018 | 02/23/2018 | Linden, Pamela (145991) | | | | | |
| | | PLB Hours All Shifts | Saturday 07/07/2018 | 6.00 | Rejected | 02/21/2018 | 02/21/2018 | 02/23/2018 | Linden, Pamela (145991) | | | | | |
| | | PLB Hours All Shifts | Sunday 07/08/2018 | 6.00 | Rejected | 02/21/2018 | 02/21/2018 | 02/23/2018 | Linden, Pamela (145991) | | | | | |
| | | PLB Hours All Shifts | Sunday 07/08/2018 | 6.00 | Approved | 02/27/2018 | 02/27/2018 | | | 02/27/2018 | Linden, Pamela (145991) | | | |
| | | PLB Hours All Shifts | Monday 07/09/2018 | 6.00 | Approved | 02/27/2018 | 02/27/2018 | | | | | | | |
| | | PLB Hours All Shifts | Monday 07/09/2018 | 6.00 | Rejected | 02/21/2018 | 02/21/2018 | 02/23/2018 | Linden, Pamela (145991) | | | | | |
| | | PLB Hours All Shifts | Tuesday 07/10/2018 | 6.00 | Rejected | 02/21/2018 | 02/21/2018 | 02/23/2018 | Linden, Pamela (145991) | | | | | |
| | | PLB Hours All Shifts | Tuesday 07/10/2018 | 6.00 | Approved | 02/27/2018 | 02/27/2018 | | | 02/27/2018 | Linden, Pamela (145991) | | | |
| | | PLB Hours All Shifts | Wednesday 07/11/2018 | 6.00 | Approved | 06/08/2018 | 06/08/2018 | | | 06/28/2018 | Linden, Pamela (145991) | | | |
| | | PLB Hours All Shifts | Wednesday 07/11/2018 | 6.00 | Rejected | 02/21/2018 | 02/21/2018 | 02/23/2018 | Linden, Pamela (145991) | | | | | |
| | | PLB Hours All Shifts | Thursday 07/12/2018 | 6.00 | Rejected | 02/21/2018 | 02/21/2018 | 02/23/2018 | Linden, Pamela (145991) | | | | | |
| | | PLB Hours All Shifts | Friday 07/13/2018 | 6.00 | Approved | 02/27/2018 | 02/27/2018 | | | 02/27/2018 | Linden, Pamela (145991) | | | |
| | | PLB Hours All Shifts | Friday 07/13/2018 | 6.00 | Rejected | 02/21/2018 | 02/21/2018 | 02/23/2018 | Linden, Pamela (145991) | | | | | |
| | | PLB Hours All Shifts | Saturday 07/14/2018 | 6.00 | Approved | 02/27/2018 | 02/27/2018 | | | 02/27/2018 | Linden, Pamela (145991) | | | |
| | | PLB Hours All Shifts | Sunday 07/15/2018 | 6.00 | Approved | 02/27/2018 | 02/27/2018 | | | 02/27/2018 | Linden, Pamela (145991) | | | |
| | | PLB Hours All Shifts | Monday 07/16/2018 | 6.00 | Approved | 02/27/2018 | 02/27/2018 | | | 02/27/2018 | Linden, Pamela (145991) | | | |
| | | Bereavement Leave All Shifts | Thursday 08/16/2018 | 6.00 | Rejected | 08/14/2018 | 08/14/2018 | 08/14/2018 | Linden, Pamela (145991) | | | | | |

Run on: 06/04/2021 11:10 AM

Created by: 990900

Time Off Request from 01/01/2018 to 06/04/2021

LabCorp

| Employee Name | Employee ID | Time Off Type | Time Off Date | Hours | Status | Request Submitted Date | Pending | Rejected | Rejected By | Approved | Approved By | Cancelled | Cancelled By | Expired |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Fraser, Patrice (cont.) | 82944 | | | | | | | | | | | | | |
| | | Bereavement Leave All Shifts | Friday 08/17/2018 | 6.00 | Rejected | 08/14/2018 | 08/14/2018 | 08/14/2018 | Linden, Pamela (145891) | | | | | |
| | | Bereavement Leave All Shifts | Sunday 08/19/2018 | 6.00 | Rejected | 08/14/2018 | 08/14/2018 | 08/14/2018 | Linden, Pamela (145891) | | | | | |
| | | Bereavement Leave All Shifts | Monday 08/20/2018 | 6.00 | Rejected | 08/14/2018 | 08/14/2018 | 08/14/2018 | Linden, Pamela (145891) | | | | | |
| | | Bereavement Leave All Shifts | Tuesday 08/21/2018 | 6.00 | Rejected | 08/14/2018 | 08/14/2018 | 08/14/2018 | Linden, Pamela (145891) | | | | | |
| | | PLB Hours All Shifts | Monday 05/06/2019 | 1.00 | Approved | 05/03/2019 | 05/03/2019 | | | 05/06/2019 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Wednesday 07/17/2019 | 1.00 | Approved | 07/15/2019 | 07/15/2019 | | | 07/17/2019 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Friday 08/30/2019 | 6.00 | Approved | 07/05/2019 | 07/05/2019 | | | 07/09/2019 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Friday 09/20/2019 | 6.00 | Approved | 09/04/2019 | 09/04/2019 | | | 09/04/2019 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Thursday 09/26/2019 | 6.00 | Approved | 07/05/2019 | 07/05/2019 | | | 07/09/2019 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Monday 10/21/2019 | 6.00 | Approved | 07/05/2019 | 07/05/2019 | | | 07/09/2019 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Monday 11/18/2019 | 6.00 | Approved | 07/05/2019 | 07/05/2019 | | | 07/09/2019 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Friday 11/22/2019 | 1.00 | Approved | 11/21/2019 | 11/21/2019 | | | 11/21/2019 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Wednesday 11/27/2019 | 6.00 | Rejected | 11/01/2019 | 11/01/2019 | 11/04/2019 | Romero, Janet (135867) | | | | | |
| | | PLB Hours All Shifts | Friday 11/29/2019 | 6.00 | Rejected | 11/21/2019 | 11/21/2019 | 11/21/2019 | Romero, Janet (135867) | | | | | |
| | | PLB Hours All Shifts | Thursday 12/05/2019 | 1.00 | Approved | 12/04/2019 | 12/04/2019 | | | 12/04/2019 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Tuesday 12/10/2019 | 6.00 | Approved | 11/21/2019 | 11/21/2019 | | | 12/02/2019 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Thursday 12/26/2019 | 6.00 | Rejected | 07/05/2019 | 07/05/2019 | 07/09/2019 | Romero, Janet (135867) | | | | | |
| | | PLB Hours All Shifts | Thursday 12/26/2019 | 6.00 | Rejected | 10/16/2019 | 10/10/2019 | 10/14/2019 | Romero, Janet (135867) | | | | | |
| | | PLB Hours All Shifts | Friday 12/27/2019 | 6.00 | Rejected | 07/05/2019 | 07/05/2019 | 07/09/2019 | Romero, Janet (135867) | | | | | |
| | | PLB Hours All Shifts | Friday 12/27/2019 | 6.00 | Approved | 07/17/2019 | 07/17/2019 | | | 07/19/2019 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Monday 12/30/2019 | 6.00 | Approved | 09/04/2019 | 09/04/2019 | | | 09/04/2019 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Monday 01/06/2020 | 6.00 | Approved | 11/01/2019 | 11/01/2019 | | | 12/02/2019 | Romero, Janet (135867) | | | |
| | | Bereavement Leave All Shifts | Monday 01/13/2020 | 6.00 | Approved | 01/08/2020 | 01/08/2020 | | | 01/08/2020 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Friday 01/17/2020 | 6.00 | Cancelled | 11/01/2019 | 11/01/2019 | | | | | 11/01/2019 | Fraser, Patrice (82944) | |

Run on: 06/04/2021 11:15 AM

Created by: 990990

2

Time Off Request from 01/01/2018 to 06/04/2021

LabCorp

| Employee Name | Employee ID | Time Off Type | Time Off Date | Hours | Status | Request Submitted Date | Pending | Rejected | Rejected By | Approved | Approved By | Cancelled | Cancelled By | Expired |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Fraser, Patrice (cont.) | 82044 | | | | | | | | | | | | | |
| | | Bereavement Leave All Shifts | Sunday 01/19/2020 | 6.00 | Approved | 01/08/2020 | 01/08/2020 | | | 01/08/2020 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Monday 01/20/2020 | 6.00 | Approved | 11/01/2019 | 11/01/2019 | | | 12/02/2019 | Romero, Janet (135867) | | | |
| | | Bereavement Leave All Shifts | Monday 01/20/2020 | 6.00 | Approved | 01/08/2020 | 01/08/2020 | | | 01/08/2020 | Romero, Janet (135867) | | | |
| | | Bereavement Leave All Shifts | Tuesday 01/21/2020 | 6.00 | Approved | 01/08/2020 | 01/08/2020 | | | 01/08/2020 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Friday 02/28/2020 | 6.00 | Approved | 11/01/2019 | 11/01/2019 | | | 12/02/2019 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Monday 03/23/2020 | 6.00 | Rejected | 11/01/2019 | 11/01/2019 | 12/02/2019 | Romero, Janet (135867) | | | | | |
| | | PLB Hours All Shifts | Friday 03/27/2020 | 6.00 | Approved | 11/01/2019 | 11/01/2019 | | | 12/02/2019 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Saturday 03/28/2020 | 6.00 | Approved | 11/01/2019 | 11/01/2019 | | | 12/02/2019 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Sunday 03/29/2020 | 6.00 | Approved | 11/01/2019 | 11/01/2019 | | | 12/02/2019 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Monday 03/30/2020 | 6.00 | Approved | 11/01/2019 | 11/01/2019 | | | 12/02/2019 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Friday 04/10/2020 | 6.00 | Approved | 01/02/2020 | 01/02/2020 | | | 02/07/2020 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Sunday 04/12/2020 | 4.00 | Approved | 01/02/2020 | 01/02/2020 | | | 02/07/2020 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Friday 05/22/2020 | 6.00 | Approved | 01/02/2020 | 01/02/2020 | | | 02/07/2020 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Sunday 05/24/2020 | 4.00 | Approved | 01/02/2020 | 01/02/2020 | | | 02/07/2020 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Friday 06/05/2020 | 6.00 | Approved | 01/02/2020 | 01/02/2020 | | | 02/07/2020 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Sunday 06/07/2020 | 4.00 | Approved | 01/02/2020 | 01/02/2020 | | | 02/07/2020 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Tuesday 07/07/2020 | 6.00 | Approved | 04/01/2020 | 04/01/2020 | | | 05/07/2020 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Friday 07/10/2020 | 6.00 | Approved | 04/01/2020 | 04/01/2020 | | | 05/07/2020 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Friday 07/17/2020 | 6.00 | Approved | 04/01/2020 | 04/01/2020 | | | 05/07/2020 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Sunday 07/19/2020 | 4.00 | Approved | 04/01/2020 | 04/01/2020 | | | 05/07/2020 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Monday 08/10/2020 | 6.00 | Approved | 04/01/2020 | 04/01/2020 | | | 05/07/2020 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Friday 08/28/2020 | 6.00 | Approved | 04/01/2020 | 04/01/2020 | | | 05/07/2020 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Friday 09/04/2020 | 6.00 | Approved | 04/01/2020 | 04/01/2020 | | | 05/07/2020 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Sunday 09/06/2020 | 4.00 | Approved | 04/01/2020 | 04/01/2020 | | | 05/07/2020 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Tuesday 09/08/2020 | 6.00 | Approved | 04/01/2020 | 04/01/2020 | | | 05/07/2020 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Wednesday 09/23/2020 | 6.00 | Approved | 04/01/2020 | 04/01/2020 | | | 05/07/2020 | Romero, Janet (135867) | | | |

Time Off Request from 01/01/2018 to 06/04/2021                                                                                                                LabCorp

| Employee Name | Employee ID | Time Off Type | Time Off Date | Hours | Status | Request Submitted Date | Pending | Rejected | Rejected By | Approved | Approved By | Cancelled | Cancelled By | Expired |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Fraser, Patrice (cont.) | 82044 | | | | | | | | | | | | | |
| | | PLB Hours All Shifts | Friday 09/25/2020 | 6.00 | Approved | 04/01/2020 | 04/01/2020 | | | 05/07/2020 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Sunday 09/27/2020 | 4.00 | Approved | 04/01/2020 | 04/01/2020 | | | 05/07/2020 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Friday 10/09/2020 | 6.00 | Cancelled | 07/22/2020 | 07/22/2020 | | | | | 07/22/2020 | Fraser, Patrice (82044) | |
| | | PLB Hours All Shifts | Monday 10/12/2020 | 6.00 | Rejected | 07/22/2020 | 07/22/2020 | 08/07/2020 | Romero, Janet (135867) | | | | | |
| | | PLB Hours All Shifts | Friday 10/23/2020 | 6.00 | Cancelled | 07/22/2020 | 07/22/2020 | | | | | 07/22/2020 | Fraser, Patrice (82044) | |
| | | PLB Hours All Shifts | Thursday 10/29/2020 | 6.00 | Approved | 10/22/2020 | 10/22/2020 | | | 10/22/2020 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Wednesday 11/11/2020 | 6.00 | Approved | 07/22/2020 | 07/22/2020 | | | 08/07/2020 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Friday 11/27/2020 | 6.00 | Rejected | 07/22/2020 | 07/22/2020 | 08/07/2020 | Romero, Janet (135867) | | | | | |
| | | PLB Hours All Shifts | Wednesday 12/30/2020 | 6.00 | Rejected | 07/22/2020 | 07/22/2020 | 08/07/2020 | Romero, Janet (135867) | | | | | |
| | | PLB Hours All Shifts | Thursday 12/31/2020 | 6.00 | Rejected | 07/22/2020 | 07/22/2020 | 08/07/2020 | Romero, Janet (135867) | | | | | |
| | | PLB Hours All Shifts | Friday 01/15/2021 | 6.00 | Approved | 10/15/2020 | 10/15/2020 | | | 11/01/2020 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Monday 01/18/2021 | 6.00 | Approved | 10/15/2020 | 10/15/2020 | | | 11/01/2020 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Monday 02/01/2021 | 6.00 | Approved | 10/15/2020 | 10/15/2020 | | | 11/01/2020 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Friday 02/26/2021 | 6.00 | Approved | 10/15/2020 | 10/15/2020 | | | 11/01/2020 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Thursday 03/18/2021 | 6.00 | Approved | 10/15/2020 | 10/15/2020 | | | 11/01/2020 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Friday 03/19/2021 | 6.00 | Approved | 10/15/2020 | 10/15/2020 | | | 11/01/2020 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Monday 03/22/2021 | 6.00 | Approved | 10/15/2020 | 10/15/2020 | | | 11/01/2020 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Friday 04/16/2021 | 6.00 | Approved | 04/02/2021 | 04/02/2021 | | | 04/08/2021 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Friday 05/28/2021 | 6.00 | Approved | 04/02/2021 | 04/02/2021 | | | 04/08/2021 | Romero, Janet (135867) | | | |
| | | PLB Hours All Shifts | Tuesday 06/01/2021 | 6.00 | Rejected | 04/02/2021 | 04/02/2021 | 04/08/2021 | Romero, Janet (135867) | | | | | |

# EXHIBIT

# C

# INDIVIDUAL DEVELOPMENT PLAN (IDP)



| | |
|---|---|
| **Employee (Name and Title):** | *Patrice Fraser 8/7/2020* |
| **Manager (Name and Title):** | Melissa Duncan/Janet Romero |
| **Key Strengths:** | People- Customer Service, technical |
| **Development Objectives** *(Capability to be developed over next 12-months. Skill, knowledge, experience, leadership, technical competency to enhance performance in current role or to prepare for a future role):* | Patrice applied for SC for Northlake location.  The areas where Patrice needs to developed in order to be consider for this position are below: |
| **Development Plan** *(Specific goal or activity that provides ways to learn and achieve development objectives and desired capability):* | 1. Conflict resolution- Patrice does not like to get involved in conflicts.  As a leader we should be able to address any issues or concerns that may arise with patients/ employees.<br>2. Leadership/communication with employees (verbal)  and supervisor. Communicate to employee if something is not being done properly (related to work procedure).  There were 2 occasions were an employee did not report to work and Patrice did not communicate to supervisor until the end of the day.<br>3. Oversee the site (placing supply orders, joining team call, joining sop calls, respond to emails, etc )<br>4. Meeting productivity- Need speed in all areas ( Data entry patients, drawing, performing OTS)- which was already addressed with Patrice on 8/4.<br><br>Supervisor will start monitoring Patrice in areas mentioned above.  My goal is to coached Patrice at best of my ability so she can meet her goal (SC).<br><br>I see over the years how LC works.  Why communicate with me nothing done.  She feels the areas I feel she needs development are debatable. |
| **Target Completion Date** *(Challenging, yet realistic):* | F/U- 10/01 don't feel it's ok with IDP. she is training Nina better.  Feels that she does not need to improve on leader or any items mentioned above. Patrice feels opinion is justify.  Patrice sated that she just want to Come in and do her job. Patrice feel the speed is good. Gets stop for help. |
| **Required Resources for Success** *(i.e., manager's coaching/feedback, time away from work to complete* | Begin Typing Here |

# EXHIBIT

# D

10/26/21, 6:45 PM                                    image16.png (750×1334)



.ıll Verizon  LTE           6:30 PM              80%

AA              🔒 recruiting.adp.com              ↻


### ☰ Application Status / Submittal ...

*This page lists your status for all of the jobs that you have applied to. If more information is needed from you, a link is displayed to the right of the job title. To display information about what is needed or the available positions, click the link.*

---

**PSC Site Coordinator - Jupiter, FL** — Jupiter FL-Walgreens-FL705

Thank you for your interest in PSC Site Coordinator - Jupiter, FL-20-82754.  This requisition has been canceled.  We encourage you to continue to visit our Career Center to search for opportunities to continue your career with our organization.

*Application date: Jun 24, 2020 06:08 pm EDT*

---

**PSC Site Coordinator - Palm Beach Gardens, FL** — Palm Beach Gardens FL-FL054

We are very appreciative of your interest in employment opportunities with LabCorp for the position of PSC Site Coordinator - Palm Beach Gardens, FL-20-82151. We received a number of qualified applicants. Although we are impressed with your qualifications, we have decided to move forward with candidates that more closely match the job requirements for this position.

      

 Verizon LTE            6:18 PM             80%

AA          🔒 recruiting.adp.com          ↻

## ☰ Application Status / Submittal ...

**PSC Site Coordinator - Palm Beach Gardens, FL —
Palm Beach Gardens FL-FL054**
We are very appreciative of your interest in employment
opportunities with LabCorp for the position of PSC Site
Coordinator - Palm Beach Gardens, FL-20-82151. We
received a number of qualified applicants. Although we
are impressed with your qualifications, we have decided
to move forward with candidates that more closely match
the job requirements for this position.
Please continue to search for positions that match your
qualifications. We wish you the best in your job search
and look forward to reviewing your application for future
opportunities with LabCorp www.labcorpcareers.com.

*Application date: Jun 24, 2020 01:53 pm EDT*

**Senior Marketing Executive - Business Development /
Sales — Hollywood FL-North 29th-LCA-FL029**
We are very appreciative of your interest in employment
opportunities with LabCorp for the position ofSenior
Marketing Executive - Business Development / Sales-19-
80713.  We received a number of qualified applicants.

         

image18.png (750×1334)

.ıll Verizon  LTE          6:16 PM          🕐 🎧 80% 

AA          🔒 recruiting.adp.com          ↻



*Application date: Jun 24, 2020 01:53 pm EDT*

---

**Senior Marketing Executive - Business Development / Sales** — Hollywood FL-North 29th-LCA-FL029
We are very appreciative of your interest in employment opportunities with LabCorp for the position ofSenior Marketing Executive - Business Development / Sales-19-80713.  We received a number of qualified applicants.  Although we are impressed with your qualifications, we have decided to move forward with candidates that more closely match the job requirements for this position.  Please continue to search on our Internal Careers Site for positions that match your qualifications. We wish you the best in your job search and look forward to reviewing your application for future opportunities.

*Application date: May 22, 2019 04:13 am EDT*

---

**Outbound CSSR, Hollywood, FL** — Hollywood FL-North 29th-LCA-FL029
We are very appreciative of your interest in employment opportunities with LabCorp for the position ofOutbound CSSR, Hollywood, FL-19-80009.  We received a number of qualified applicants. Although we are impressed with

   

.ıll Verizon  LTE                6:15 PM            🕐 🎧 80% 

AA              🔒 recruiting.adp.com              ↻

 **Application Status / Submittal ...**

**Outbound CSSR, Hollywood, FL** — Hollywood FL-North 29th-LCA-FL029

We are very appreciative of your interest in employment opportunities with LabCorp for the position ofOutbound CSSR, Hollywood, FL-19-80009.  We received a number of qualified applicants. Although we are impressed with your qualifications, we have decided to move forward with candidates that more closely match the job requirements for this position.

Please continue to search on our Internal Careers Site for positions that match your qualifications. We wish you the best in your job search and look forward to reviewing your application for future opportunities.

*Application date: May 20, 2019 03:01 pm EDT*

**Phlebotomy Training Coordinator - Hollywood, FL** — Hollywood FL-Hollywood PSC-FL519

Thank you for your interest in Phlebotomy Training Coordinator - Hollywood, FL-19-80529.  This requisition has been canceled.  We encourage you to continue to visit our Career Center to search for opportunities to continue your career with our organization.

*Application date: May 20, 2019 02:43 pm EDT*

 

STATE OF FLORIDA - PALM BEACH COUNTY
I hereby certify that the foregoing is a true copy of the record in my office
THIS 12 DAY OF NOV, 20 21
JOSEPH ABRUZZO
CLERK OF THE CIRCUIT COURT & COMPTROLLER
By:_____ Deputy Clerk